DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Steven Hood, appeals the judgment of the Huron County Court of Common Pleas which, following a jury trial, found him guilty of domestic violence. For the reasons set forth herein, we affirm.
 {¶ 2} The facts are as follows. Appellant and Jill Warner had a long term relationship, having lived together, and having three children together. At trial, Jill testified that in early February 2005, she and appellant separated and appellant moved out *Page 2 
of the residence they shared. However, appellant soon began making telephone calls to Jill seeking to move back into the residence. Jill did not agree to this. Appellant would turn angry during these phone calls. At least once during these calls, appellant threatened to take Jill's life. After two of these phone calls, appellant showed up at Jill's residence wanting to talk and "work things out." However, during these episodes, appellant was in an agitated state. Jill repeatedly indicated to appellant that she did not want to have further discussions.
 {¶ 3} After one of the phone calls, Jill left the residence, took the children, and spent the night at her grandparent's house. When she returned to her residence the next morning, the front door had been kicked in and flowers that appellant had purchased earlier for Jill were strewn over the floor. Jill reported several of these incidents to the police and received a Civil Protection Order against appellant.
 {¶ 4} On February 20, 2005, appellant had another argument on the telephone with Jill. Appellant again threatened to end Jill's life. Appellant told Jill he was coming over to her residence. Jill began packing to leave with the children again.
 {¶ 5} Appellant arrived before Jill could leave with the children. Appellant began kicking in the door. Jill called 911. Appellant broke a window and came in through it, seriously cutting himself in the process.
 {¶ 6} Appellant took two of the children upstairs. He came back downstairs and took Jill upstairs as well. He threw Jill onto a bed and she hit her head on the wood frame. He threatened to kill Jill. He took Jill back downstairs after he told one of the *Page 3 
children that he was going to cut Jill with a knife. He took Jill back upstairs. Jill grabbed a golf club and started to swing it at appellant, but appellant grabbed it away from Jill. Appellant began shaking the golf club at the older child while asking him why he should not hurt or kill Jill.
 {¶ 7} As the police arrived, appellant, Jill and the two children were still upstairs. Wakeman Police Officer Brett Bottles testified that he entered the residence upon seeing fresh blood on the door. He had his weapon drawn and announced his presence as an officer. Officer Bottles heard Jill's screams coming from upstairs so he approached the bottom of the stairs. Appellant shouted down to Officer Bottles, "don't come up here" and also shouted that if the officer did, "he would be sorry."
 {¶ 8} Officer Bottles testified that appellant appeared at the top of the stairs holding his older son in front of him "as a human shield." Appellant had his arm around his son's neck and was holding a golf club in his other hand. While holding his son in this manner, appellant said something to Officer Battles indicating that he would not be taken without force and that the officer "better be a good shot." Officer Bottles testified that appellant continued to talk to him in this manner for a few more moments. While appellant was talking to Officer Bottles, Jill took the younger son with her down the stairs past appellant and Officer Bottles. Shortly thereafter, appellant released his son, dropped the golf club, and came downstairs to surrender.
 {¶ 9} Appellant timely filed a notice of appeal and now raises the following assignment of error: *Page 4 
 {¶ 10} "The Appellant's conviction for Domestic Violence against Steven Hood, Jr. should be reversed since it was based on insufficient evidence."
 {¶ 11} In his argument, appellant challenges the sufficiency of evidence relative to the domestic violence charge with his minor son as the victim.
 {¶ 12} R.C. 2919.25(A) provides:
 {¶ 13} "No person shall knowingly cause or attempt to cause physical harm to a family or household member."
 {¶ 14} Further, in reviewing a sufficiency of the evidence claim, the relevant inquiry is whether any rational factfinder, viewing the evidence in a light most favorable to the state, could have found all the essential elements of the crime proven beyond a reasonable doubt.State v. Jones, 90 Ohio St.3d 403, 417, 2000-Ohio-187, citingJackson v. Virginia (1979), 443 U.S. 307, 319, and State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "On review for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." State v. Thompkins, 78 Ohio St.3d 380, 390,1997-Ohio-52 (Cook, J., concurring).
 {¶ 15} Appellant argues that there was no evidence that he caused or attempted to cause harm to his son. We disagree. Officer Bottles testified that appellant held his son "as a human shield" in one arm while holding a golf club in the other hand. Officer Bottles also testified that at this same time, appellant was telling Officer Bottles to go ahead and shoot his drawn firearm. Clearly, any rational factfinder, viewing this *Page 5 
evidence in a light most favorable to the state, could have found beyond a reasonable doubt that appellant knowingly attempted to cause physical harm to his son. Accordingly, appellant's argument that the state failed to prove domestic violence by sufficient evidence as it relates to his minor son as the victim is without merit. Appellant's assignment of error is not well-taken.
 {¶ 16} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J.
William J. Skow, J.
 CONCUR. *Page 1